In The United States Court Of Appeals
For The Third Circuit



_____

22-1643

_____

Solomon Carter

V.

John E. Wetzel, et al.

_____

Appellants Response To Defendants
April 15th, 2024 Appellees Brief
In Re To Appeal From Judgment
Of The United States District Court
For The Western District Of Pennsylania
Entered March 16, 2022

By: Solomon Carter
Pro-Se Appellant
S.C.I. Forest
P.O. Box-945
286 Woodland Drive
Marienville, Pa. 16239

Date: June 7, 2024

# Table Of Contents

Table Of Authorities : (Cases, Statutes, Rules) . . . . i, ii, iii

Comment To The Court : (Preemptive Injunction, TRO Notice)...1

Statement Of The Issues : (Rule 60(b) - Relief From
Final Judgment, Reversal, Default Judgment, Forfeit
Grounds - Newly Discovered Evidence, Fraud
Misrepresentation, misconduct By Opposing Party) . . . . 2, 3, 4

Summary Of The Argument : . . . . . . . . . . 3, 4

Question [s] :

Q-1.   Is It Appropriate For This Honorable Court To Remand
The Instant Case With Abeyance In Accordance With Rule 37(e)
. . . . . . . . . Sanctions? . . . . . . . 5

Q-2.   Is It Appropriate For This Honorable Court To Remand
The Instant Case With Abeyance In Accordance With Rule 11
. . . . . . . . . Sanctions? . . . . . . . . 7

Argument : (Q-1) . . . . . Rule 37(e) Sanctions? . . . . 5, 6, 7

Argument : (Q-2) . . . . . Rule 11 Sanctions? . . . . 7, 8, 9, 10

Objection (s) : . . . . . . . . . . . . . . . 10, 11, 12, 13

Conclusion : . . . . . . . . . . . . . . . . 14, 15, 16, 17

Certification , Verification : . . . . . . . . . . . 18

Exhibits   A — E  (Attached)

## Table Of Authorities

Page

Cases

Erickson v. Pardus , 555 U.S. 89 , 94 , 127 S. Ct 2197 ,
67 L. Ed. 2d. 1081 (2007) . . . . . . . . . . .   3

Haines v. Kerner , 404 U.S. 519, 92 S. Ct 584, 30
L. Ed. 2d. 652 (1972) . . . . . . . . . . .   3

Bull v. United Parcel Serv., Inc., 665 F. 3d. 68 , 73
(3d Cir. 2007) . . . . . . . . . . . . . . .   4,6,11,13

Ogin v. Ahmed , 563 F. Supp. 2d. 539, 542
(M.D. Pa. 2008) . . . . . . . . . . . . . .   4,6

Mosaid Techs. Inc., v. Samsung Elecs. Co., Ltd., 348
F. Supp. 2d. 332, 335 (D.N.J - 2004) . . . . .   4,6

Brewer v. Quaker State Oil Ref. Corp., 72 F. 3d. 326, 334
(3d. Cir - 1995) . . . . . . . . . . . . . . .   4

Scott v. IBM Corp., 196 F.R.D. 233, 248-50
(D.N.J. 2000) . . . . . . . . . . . . . . .   4

Veloso v. Western Bedding Supply Co., 281 F Supp 2d.
743, 746 (D.N.J. 2003) . . . . . . . . . . .   4

Turner v. Pub. Serv. Co. Of Colorado , 563 F. 3d. 1136,
1149 (10th Cir. 2009) . . . . . . . . . . . .   5

McQueen v. Aramark Corp., 2016 U.S. Dist LEXIS 43958
(D. Utah , Mac. 30, 2016) . . . . . . . . . .   5

In Re. Hechinger . Inv. Co. Of Delaware Inc., 489 F. 3d
568 , 574 (3d. Cir. 2007) . . . . . . . . . .   6

Ward v. Lamanna , 334 F. App'x 487 , 492 (3d Cir 2009)...   6

Micron Technology Inc., v. Rambus Inc., 645 F. 3d
1320 (Fed. Cir. 2011) . . . . . . . . . . . .   6

# Table Of Authorities

Page

Cases

<u>Roadway Express, Inc., V. Piper</u>, 447 U.S.
752 [65 L. Ed. 2d. 488] (1980) . . - - - . . 9

<u>Hall v. Cole</u>, 412 U.S. 1, 5 [36 L. Ed. 2d. 702]
(1973) . . . _ _ _ - _ - _ . _ 9

<u>Browning Debenture Holders Committee v. DASA Corp.</u>,
560 F. 2d. 1078 (2d. Cir. 1977) . . - - . . 10


Statutes

<u>3555</u> : (Nature, Prison Conditions) . . - - - - 1

<u>Fed. R. Civ. P. 5</u> : . . . _ . . _ - _ 18

<u>18 USCS § 2332b.</u> : (Acts Of Terrorism Transcending
National Boundaries) Occurrence of Terrorism - . . . 1

<u>28 U.S.C. § 1746</u> . . - _ - _ - _ 18


Rules

<u>11 (a)</u> : . . . (In Re Sanctions 1) - - _ - 7, 9, 10

<u>11 (b)</u> : . . . . (In Re Sanctions 1) - - . . 8, 9

<u>11 (c)</u> : . . . (In Re Sanction(s)) _ - . . 8, 9

<u>37</u> : - . . . (In Re Sanction (s)) _ - - 37 5, 7, 10, 11

<u>37 (e)</u> : . . . (In Re Sanction (s)) - . . . 5, 6, 7, 10

<u>56 (a)</u> : . In Re Reversal Of Summary Judgment . . . 2

<u>58 (a)</u> : In Re Reversal Of Summary Judgment . . . 2

<u>59 (b)</u> : In Re Reversal Of Summary Judgment . . . 2

<u>60 (b)</u> : In Re Reversal Of Summary Judgment . . . 2, 10, 11, 12, 13

In The United States Court Of Appeals
For The Third Circuit

Solomon Carter
     Appellant

     V.

                           22-1643

John Wetzel, et. al.
     Appellee

## Response/objection To Defendant's
## April 15th 2024 Appellee's Brief

To, The Honorable Judges Of The Above Said Court:

     Appellant avers for the purpose of this Appeal, that He has been Unconstitutionally taken [Hostage]. He is being _Unlawfully Detained & Tortured as a Political Prisoner_ by the Defendants Who are DOC Jailers. They are Active Terrorist weaponizing Solitary Confinement, in violation of _18 USCS § 2332b._ (Acts Of Terrorism Transcending National Boundaries). _They presume to Sabotage the Instant Litigation_ to cover up Scandal & Impertinence; Where Governor Josh Shapiro & DOC Top Executives committed repetitive _Criminal Tampering_; by Computer Editing _Video Evidence_ (With Photoshop / Screenshot of Countless Prisoners who filed Civil Complaints relating to 3555 issues. Evidence Supports PA Gov. Shapiro as AG and DOC Exec's have Usurped Civil Rights Of numerous Prisoners by Commandeering Summary Judgments via Fraud. (Knowingly imposed as Office practice)) Win loose or Draw Congress [Shall] be Notified of the "Scandal & Impertinence", which occurred in the instant case. (as a Hostage it may now endanger my life. However it is inappropriate to have * [Active - Terrorist] Governing State and Cabinet Affairs. Appellant prays [Caution] regarding the instant Case; so [Aid] is not afforded to "Terrorist", who discarded our Constitution and injure Americans notwithstanding additionally

torture them via weaponization of solitary confinement.
( See Declaration attached )) - (Declaration Dated 6/7/24)

And Now, Comes Appellant Solomon Carter (Pro-se) on this ___7th___ day of ___June___ 2024, who hereby Responds with Objection[s] to Defendant's <u>April 15th, 2024 Appellee's Brief</u>.

On <u>March 16th 2022</u> Judge Stephanie L. Haines Granted Defendants Motion For Summary Judgment. The District Court rendered its Judgment in accordance with <u>Rule 56 (a)</u> and <u>Rule 58 (a)</u>. Appellant (Mr. Carter) avers the District Court erred in Granting the summary motion. Evidence supports Defendants Submitted Tampered video Evidence to the Court; in violation of <u>Rule 11</u> and <u>Rule 37 (e)</u>. It is manifest by the record that the Court Based its decision on the Fraudulent Evidence. Thus the verdicts Decisions, and Judgments must be Struck in accordance with <u>Fed. R. Civ. P. 60 (b)(1); (2) and (3)</u>.

<u>Rule 60 (b)</u>: Grounds For Relief From A Final Judgment. Order or Proceeding.

On motion and just terms, the Court may relieve a party or its legal representative from a Final Judgment Order, or proceeding For the Following reasons:

(1) mistake, inadvertence, <u>Suprise</u>, or <u>excusable neglect</u>;

(2) <u>newly discovered evidence</u> that, with reasonable diligence, Could not have been discovered in time to move for a new trial under Rule 59 (b); and

(3) <u>fraud</u> (whether previously called intrinsic or extrinsic), <u>misrepresentation</u>, or <u>misconduct</u> by an opposing party;

Instantly Defendants and/or Counsel Committed Fraud when

2 of 18

they Contemptuously Photoshopped the Video Footage that they submitted to the Court. Appellant made Objections to preserve the claim see [ECF - 7]. As a Pro-se litigant Appellant was Surprised by the "Bad Faith" filing. Thus the Court erred when it failed to sustain the objections in accordance with Erickson v. Pardus, 555 U. S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) "A document filed pro-se is to be liberally construed, and a pro-se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by Lawyers"; see also Haines v. Kerner; 404 U. S. 519, 92 S. Ct. 504, 30 L.Ed. 2d 652 (1972). - Defendants were trained lawyers who preyed on the legal illiteracy of this Appellant (and others). However, Appellant preserved Objection[s] diligently; Dispite the Criminal Tampering and [Fraud] defendants Committed to steal the summary judgment, the video proves inconsitent.

i. The Time Stamp on the Video reads Defendant Polito Discharged the D.C. at (6:53:29 to 6:53:32)

ii. Judge Stephanie L. Haines Confirms the Time Stamp reads (6:53:29 to 6:53:32); see (exhibit(A) pg. 4 of J. Haines, March 16th 2022 memorandum and Order at JA 015, attached).

iii. Defendants them selves state the Time Stamp reads (6:53:25); see (exhibit (B) pg. 4 Defendants Statement of material Facts Not In Dispute; Filed 8/31/20 attached) Clearly indicating that the D.C. has not ever been deployed yet; not until "Shortly after"

iv. However [all] Employee Incident Reports read Defendant Polito [Deployed] the D.C at (6:51:00 pm) see (exhibit - [C] Co. ii. D. Polito report, exhibit - [D] Co. iii. A. miles report, exhibit - [E] Co. iv. M Baker report attached all)

Respectfully [all] Officers are [deposed] after Use of Force Incidents by Supervising and Investigating officials. While being deposed they are sitting in front of a monitor explaining the incident Chronologically. Instantly [all] officers, Supervisors, Executive Investigators, Confirm the Chronological Time Stamp in the Reports is accurate. However it reads [6:51:02] as Opposed to [6:53:29].

By manifest basic math [proves] [2 min. 18 sec.] were. "Maliciously edited" from the [Center] of the video; and not the beginning or end; where the D.C. deployement times vary such is the reference point; clearly the conflict has occurred intrinsically, and therefore [proves] malicious. With respect to basic mathmatics. It stands clear that the video evidence is inconsistent. Thus, the Honorable Court Should Enter Remand & Aboyance in accordance with Spoliation Doctrine [S]; see Bull v. United Parcel Serv., Inc., 665 F. 3d. 68, 73 (3d. Cir. 2007); see also Ogin v. Ahmed, 563 F. Supp. 2d. 539, 542 (M.D. Pa. 2008) ("Relevant authorities require that four (4) factors be Satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question was in the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; 4) it was reasonably foreseeable that the evidence would later be discoverable; Mosaid, 348 F. Supp. 2d. at 336 Citing Brewer, 72 F. 3d. at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J. 2006); Veloso v. Western Bedding Supply Co., 281 F. Supp. 2d 743, 746 (D.N.J. 2003). Instantly the [proven] [inconsistency] within the video footage defendants Submitted, Sustains a prima facie dispute for a Trial. Thus to avoid Committing Plain Error the instant case must be remanded as a matter of Law.

Q-1 Is it appropriate for this Honorable Court to Remand the Instant Case with Abeyance in accordance with <u>Rule</u> 37(e) Sanctions ?

<u>Rule</u> 37(e) of the Federal Rules Of Civil Procedure provides the framework for analizing [Spoliation] of [ESI]. <u>Rule</u> 37 provides : If electronically Stored information that Should have been preserved in the anticipation or conduct of litigation is lost because a practy failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the Court :

(1) Upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice : or

(2) Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may :

(A) presume that the lost information was unfavorable to the party : or

(B) instruct the jury that it may or must presume the the information was unfavorable to the party : or

(C) dismiss the action or enter Default Judgment Fed. R. Civ. P. 37 ( emphasis added ) The Tenth Circuit has applied the same <u>Rule</u> 37 analysis to non ESI Spoliation issues. see <u>Turner V. Pub-Sev. CO. of Colorado</u>, 563 F. 3d. 1136, 1149 (10th. Cir. 2009) ; <u>McQueen V. Aramark Corp.</u>, 2016 U.S. Dist LEXIS 43958 ( D. Utah, Marc 30, 2016.

As exhibited clear Evidence supports Defendants and/or its Counsel maliciously altered the video footage. The United States Court of Appeals For The Third Circuit has established with precision Spoilation Benchmarks in Bull v. United Parcel Serv., Inc., 665 F. 68 (3d Cir 2012). The Bull Court observed that Spoilation Sanctions are reviewed for an abuse of discretion. In re Hechinger Inv. Co., of Delaware Inc., 489 F. 3d. 568, 574 (3d Cir. 2007). Yet, while evidentiary rulings regarding whether a spoilation inference is appropriate rest in the sound discretion of the Court, Ward v. Lamanna, 334 F. App'x 487, 492 (3d Cir. 2009), that discretion is guided by Sound "Legal Tenets", tenets that define the nature of spoilation and the appropriate sanctions for the act [s]. "Spoilation is usually referenced in instances where the evidence has been [Altered] or [Destroyed]. see Micron Technology, Inc. v. Rambus Inc., 645 F. 3d 1320 (Fed. Cir. 2011). ( Spoilation occurs when evidence is destroyed or altered, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable). As a General Rule the term spoilation embraces [both] "the [destruction] or significant [alteration] of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs. Inc. v. Samsung Elecs., Co., Ltd., 348 F Supp 2d. 332, 335 (D. N. J. 2004) Fortune v. Bitner, no. 01-111, 2006 WL 839346, *1 (M.D. Pa. March 29th, 2006). see Ogin v. Ahmed, 563 F. Supp. 2d 539, 542 (M.D. Pa. 2008). Where the Law is settled regarding Spoilation Sanctions, the Spoilation inquiry stands settled as well.

Thus, In accordance with Rule 37(e), The Honorable Court should Remand the instant case with appropriate

Abeyance, Ordering that an evidentiary hearing occur to evaluate the Spoliation — Which is the Right of [both] Party's. However The Court may _Sustain the Spoliation violation_ in light of the presented evidence and [reverse] the Judgment, _Granting Default Judgment_ in favor of Appellant Carter pursuant to _Rule 37_(e), (2), (C) — ("dismiss the action or enter Default Judgment, _Fed. R. Civ. P._ 37 (emphasis added)). It is clear that the Spoliation violation would be Highlighted the same, even upon Remand of the Case. The Court would only exhaust time and Resources Unnecessarily.

Q-2. Is It Appropriate For This Honorable Court to Remand The Instant Case With Abeyance In Accordance With _Rule 11_ Sanctions?

_Rule 11_ has provided for the [Striking] of [Pleadings] and the imposition of disciplinary Sanctions to check abuse in the Signings of pleadings. see _Rule 11_ Signings, pleadings, motions, and other papers — Representations to the Court — Sanctions —

(a) _Signature_ — every pleading, written motion, and Other paper must be Signed by at least one attorney of Record in the attorney's name, or by a party personally if the party is unrepresented. The paper must state the Signer's address, e-mail, address, and telephone number. Unless a rule or Statute specifically States otherwise, a pleading need not be verified or accompanied by an affidavit, the Court must Strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) <u>Representations To the Court</u>: By representing to the Court a pleading, written motions, or other paper whether by Signing, filing, Submitting, or later advocating it, an attorney or unrepresented party certifies that to the best of the person's Knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the Cost of litigation

    (2) the Claims, defenses, and other legal Contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual Contentions have evidentiary support, if Specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the details of factual Contentions are warranted on the evidence or, if Specifically so identified, are reasonably based on the belief or a lack of information

Instantly evidence supports Defendants maliciously misrepresented the evidence to the Court; in doing so Defendants wilfully committed [Fraud], when they Signed plead, and advocated their denials upon the video Footage, which they Tampered with Computer Editing (Photoshop / ScreenShot) Thus <u>Rule 11 (C)(1)</u> is applicable:

Rule 11 (C)(1): <u>In General</u>: " If after notice and a reasonable opportunity to respond, the Court determines that the <u>Rule</u> 11 (b) has been violated, the Court may impose and appropriate Sanction on any attorney law firm, or party that violated the rule or is responsible for the violation, Absent exceptional Circumstances for the violation. A law firm must be [jointly] held responsible for a violation Committed by its partner ".

Rule 11 (c) (4): <u>Nature Of A Sanction</u>: "A Sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or Comparable conduct by others similarly situated. The Sanction may include nonmonetary directives; an order to pay a penalty in a Court; or if imposed on motion and warranted for effective deterrence, an order directing payment to the movants of in part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

With respect <u>Rule</u> 11 attempts to deal with the problem of "<u>Bad Faith</u>" by building upon and Expanding the equitable doctrine permitting the Court to Award expenses, to a litigant whose opponent acts in bad faith during litigation. See <u>Roadway Express, Inc. V. Piper</u>, 444 U.S. 752 [65 L. Ed. 2d. 488] (1980); <u>Hall v. Cole</u>, 412 U.S. 1, 5 [36 L. Ed. 2d. 702] (1973). "Courts should pay Great attention to <u>litigation abuses</u>," and when appropriate Courts Should impose Sanctions to discourage dilatory or abusive tactics and help ~~[illegible]~~ to Streamline the litigation process by lessening * frivolous [Defense].

Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client, see <u>Browning Debenture Holders' Committee v. DASA Corp.</u>, 560 F. 2d 1078 (2d. Cir. 1977) This modification brings <u>Rule 11</u> in line with practice under <u>Rule 37</u>, which sanctions for abuses during discovery to be imposed upon the party, the attorney or both. Although the encompassing reference to "Other Papers" in <u>Rule 11</u> literally includes discovery papers, the certification requirement in that context is governed by proposed new <u>Rule 26 (a)</u>. Discovery motions, however, fall within the ambit of <u>Rule 11</u>

## Objection(s)

Appellant <u>objects</u> to Defendants <u>April 15, 2024</u>, Appellee's Brief:

Appellant objects to Defendants Appellee's Brief en-masse. In light of spoilation claims addressed <u>supra</u> Appellant Carter objects to the following points with respect to <u>Rule 11</u>, <u>Rule 37 (e)</u>: and more specifically <u>Rule 60 (b)</u>.

Appellant Objects to Defendants: "<u>Statement Of The Issues</u>" Defendants Complain:

1. "Did Appellant waive any challenge to the District Court's rulings that Appellee was entitled to qualified and sovereign immunity on Appellant's claims where Appellant failed to address rulings in his counseled Appellate Brief?"

Objection Response: The video footage is inconsistent. Thus all inferences should be struck. With no true record of what occurred Defendant cannot plead his actions were legal; When such is the challenge causing complaint <u>Rule 60 (b)</u> strikes Defendants contentions of immunity.

2. "Did the District Court Correctly conclude that Appellee is entitle to qualified immunity where no binding precedent clearly established that the use of a single, short burst of O.C. Spray on an unrestrained, non-compliant inmate in an open area of a prison Constitutes excessive Force under the Eighth Amendment"?

<u>Objection Response</u>: The video Footage is inconsistent. Defendants committed [Fraud] via Photoshop / Screenshot / Computer Editing. Defendant Polito's true actions are maliciously altered ; Thus he cannot assert immunity <u>Rule 60</u> (b) strikes all Contentions of immunity.

3. "Did the District Court Correctly determine that the de-minimís use of OC Spray on an unrestrained, non-compliant inmate with no evidence of injury did not violate the Eigth Amendment?"

<u>Objection Response</u>: The video is maliciously Photoshopped there is no truth to how much Spray was discharged Moreover Defendants Refused Discovery Exchange impairing Staggering Appellants Argument (s) and claims to full scope of his injuries ; such constitutes a second count of spoilation under <u>Rule 37</u>, see also Bull <u>Supra</u> <u>Rule 60</u> (b) strikes all pleadings & Contentions of Defense.

Appellant Objects to Defendants: "Argument (s)"
<u>Defendants Complain</u>:

I. "Carter Waived Several Challenges to the District Court's Rulings".

<u>Objection Response</u>: The District Court Based its Rulings on the video Footage, which was complained maliciously Altered prior ; and [now] [proves] inconsistent. The evidence and Ruling must be Struck in accordance with <u>Rule 60</u> (b) Fraud.

A. "Carter waived his challenge to the District Court's ruling that Polito is entitled to *qualified immunity*"

Objection Response: Video inconsistency Fraud Defendant cannot factually establish immunity __Rule 60 (b)__ strike.

B. "Carter waived his challenge to the District Court's ruling that his state law claims against nine other defendants fail".

Response: waived in so far as those fleshed upon inquiry. __Objection preserved__

Defendants Complain:

II. "Even if Carter had Preserved the issue, Polito is Entitled to Qualified Immunity Because his Actions Did Not violate Clearly Established Law."

Objection Response: The video Footage proves inconsist; and was complained Criminally Tampered via Computer Editing (Photoshop / Screenshop) Defendant(s) acts currently unknown. Immunity cannot be asserted upon mischaracterized and/or Fraudulent Facts __Rule 60 (b)__ Strike.

Defendants Complain:

III. "Polito was Entitled to Summary Judgment on Carter's Eighth Amendment Claim".

Objection Response: The video Footage proves inconsistent and was preemptively complained Criminally Tampered; Disputed __Rule 60 (b)__ strike.

A. "A single burst of OC spray on a non-Compliant inmate does not violate the Eighth Amendment.

Objection Response: The video Footage proves inconsistent Contention Disputed __Rule 60 (b)__ strike Fraud.

12 of 18

B.   "The District Court correctly resolved any disputed facts in favor of Carter, except to the extent Carter's version of events was contradicted by the video"

<u>Objection Response</u> :   Video Criminally Tampered By Defendants Repetitive Office Practice perpetuated by Governor Josh Shapiro as AG and DOC Executives Does et. al. John Wetzel.   <u>Rule 60</u> pleadings , Contentions Judgments should be struck en-masse Defendants Criminally Altered the version of accounts.

<u>Defendants Complain</u> :

1. "It is undisputed that Carter was non-Compliant"

<u>Objection Response</u> :   Video Criminally tampered. Contentions Disputed. <u>Rule 60 (b)</u> strike pleadings and Judgment.

2. "There is no evidence that the surveillance video has been Tampered with".

<u>Objection Response</u> :   Video proves inconsistent - Criminal Tampering Photoshop Complained prior see [ECF-71]

3. "Carter failed to adduce any evidence that he was injured by the single burst of OC Spray".

<u>Objection Response</u> :   Video proves inconsistent. (Tampered), Discovery Abusively Suppressed via Spoilation see Bull <u>Supra</u> Count (2) abuse. <u>Rule 60</u> (b) Strikes denials

Conclusion :

Appellant as a Pro-Se litigant complained under oath subjected to 28 USC § 1746 , that the video footage was maliciously Photoshopped . see ([Doc. -7]) Sept. 29, 2020 objection(s) Response .: Therein Appellant swore under oath that Arms, Legs, movements, persons, time circumstances and other depictions Notwithstanding, were [Altered] with Computer editing . Pointedly a snap of persons and objects related was taken, and warped with shading , coloring and other Computer manipulation tactics , to move/alter the limbs objects and persons related . Also the time frames were cut and mended . Thus the inconsistency is shown, present in the time stamp . Appellant has [Clearly] exhibited ( 2 min. - 15 sec.) are [missing] from the central portion of the video .

" moreover to [bolster] the Tampering Claim (see Appellants "Final Grievance" to the "Chief Grievance Coordinator" (in Discovery )). Therein Carter Stated [in] "The Blind" ...

* "I got on my knee[s] . I stayed there non aggressive for at least a * [2] minute interval"

Manifestly the (2 min. - 15 sec.) missing , is the timeframe Mr. Carter was downed on [Both] Knees : submitted to the orders and authority of Defendant Polito; who in re was accused nonspecifically of [other] ongoing harassments against Appellant which is what Appellant intended to grieve chiefly . As stated Defendant Polito didn't want Carter to grieve his daily Unethical harassment & Abuses , which were generally attacks

against Decency & Dignity. Polito sadistically sought to cause daily fear & the deterioration of Carter, who was an inmate striving for positivity within the facility. Record would support at the time of incident Mr. Carter was employed in the facility earning "*top wages" "42&8." (\$42. 8 hrs. per day for (2) years [Uninterrupted]) Thus claim of a dangerous unrestrained prisoner are lacking. Dispite Carters Conviction & Prior history in the DOC Mr. Carter had exhibited no form of violent behavior while at SCI Houtzdale. Thus Defendants dangerous person ("Bad Guy"/"Superhuman") Defense has no teeth. In fact [Benchmarks] are well settled regarding such [Defenses] inappropriately asserted. It is defined as Racial Bigotry & Discrimination towards minorities (Blacks). Commonly Law Enforcement (Police, Jailers etc.) [demonize] their Civilian [victims], when faced with liability for Unconstitutional, wanton and/or Sadistic acts; As is the instant complaint. Notably the misconduct written against Carter was [also] [Dismissed], which further debunks Defendants "*Bad Guy*"/"*Superhuman*" Contention. Manifestly Mr. Carter was unrestrained more than (2) years and safe enough to "Earn" & "maintain". *[Top Employment] (top pay kitchen worker, job change/[promotion] to CI Laundry) As a "Lifer" (however wrongfully Convicted) employment in the CI Laundry Shop is *never given to problematic prisoners, because outside trucks come into the facility to pick up and drop off the laundry multiple times each week. Thus all prisoners selected for this employment Detail [must] be [good] mannered and [trustworthy].

To point "some" [early] [record] was made via the Employee Incident Reports. which detailed the time stamp occurrences Chronologically. All [misconduct] Charged against Carter were [dismissed]. manifestly it appears some administrative person [s] presumed to do the right thing.

15 of 18

However once Carter began filing grievances they aborted dignity and ethic's. From that point "bad faith began", which caused defendants to "Criminally Tamper" with the video Footage. Thus the time lapse has occurred.

Notably it should be highlighted that the tampering was Racial, Bigoted & Discriminatory. Mr. Carter was on [both] [Knees] during the incident. However his image was altered to be depicted [defiantly] [Kneeling] to "One" Knee. It is clear that Defendants intent was to present Mr. Carter as a *"[Flag Kneeler]" (Un-American). The incident occurred in [2016], which was a heightened time of Solidarity, bringing notice to police accountability, equality, and equal application/protections of the laws. I would never Kneel during [my] anthem or at any time when [my] American Flag is being represented. However I Understand those who would. My logic is that abusers whom are "Actual Terrorist", have infiltrated our ranks of government. They are the ones who hate us. America ██████ is a beautiful Spirit (idea/experiment) "It" loves us. Lady Justice is more beautiful than "Mona Lisa". Indeed I have been injured. However I Still feel loved Simply because "She" allows me to file the instant Appeal/Response. Some have thrown her beauty away, I will hold her dear. I "Stand" with those who Kneel (entirely). Thus, I shall not kneel. In my opinion if I Kneel I give my [Power] of Country & Right[s] away; and it will take [Courage] but Someone has to [Stand]. With respect this is my Country and I humbly Request protection of my Rights. The Defendants have maliciously Litigated; by withholding [all] Clear pertinent Documents to muddy & Confuse injury Claims, and even more grotesquely defendants as

DOC Executives & Attorney Generals [Photoshopped] the video footage. These are Entrusted Government Officials, whose Impertinence was assisted by District Court Judge (magistrate Keith A. Pesto). Sadly if the instant Case does not reach an appropriate redress, Defendants shall have left this Appellant no choice but to ask [congress] to look at the Case. All evidence of Tampering & Terrorism Allegations are [Sustainable]. Appellant inteds to file subsequent Civil & Criminal Complaints in the * [International] [Courts]. Evidence supports PA En-masse has a significant problem with aristocratic persons [Traversing] jurisdictions to perpetuate Criminal Conspiracies. With respect Appellant prays the the Honorable Court Caution its Disposition. (The Case/ Evidence is Corrupted) Unequivocally this fact is exhibited. Thus the remand & abeyance consideration would be based on [math]

Wherefore for the above Stated reasons, Appellant prays this Honorable Court Remand the Instant Case With Abeyance Ordering an Evidentiary Hearing; Reverse Judgment via Default Judgment and enter Damages in the Sum of Five Million Dollars $5,000,000.⁰⁰; or Conduct, order an Evidentiary Hearing in accordance with Spoliation Doctrines to then Assess and Enter the appropriate Sanctions.

Respectfully Submitted /S/

Solomon Carter KF-1334
SCI Forest
P.O. BOX - 945
286 Woodland Drive
Marienville, PA. 16239

Date: 6 / 7 / 24

In The United States Court Of Appeals
For The Third Circuit

Solomon Carter
          Appellant

          V.                                    22 - 1643

John Wetzel et. al.
          Appellate

                    Certification / Verification

     I Solomon Carter (Pro-se) Appellant hereby aver that
the instant "Response / Objection" is being [Filed]
* "Nunc Pro Tunc", also that it is True, Correct and
Served upon the persons below in accordance with
Fed. R. Civ. P. 5 and Subject to 28 U.S.C. § 1746.

                         Office Of the Clerk
                         United States Court Of Appeals
                         21400 U.S. Courthouse
                         601 Market Street
                         Phila , PA. 19106

Office Of Attorney General
1251 Waterfront Plaza
Mezzanine Level
Pittsburgh , Pa - 15222

                              Respectfully Submitted / s
                              Solomon Carter KF -1334
                              S.C. I  Forest
                              P. O. BOX - 945
                              286 Woodland Drive
Date: ___6__/__7__/_24__     Marienville , PA 16239

                    18 of 18

In The United States Court Of Appeals
For The Third Circuit

Solomon Carter
    Appellant

    v.

John Wetzel et. al.
    Appellee

22-1643
Declaration

RECEIVED
JUN 1 4 2024
U.S.C.A. 3rd. CIR

## Declaration

To, The Honorable Judges Of The Above Said Court:

On this ___7th___ day of ___June___ I Solomon Carter Pro-se
Appellant, Hereby Declare the following:

1. On __May 17th 2024__ I Fired the Appointed Counsel for
the following reasons:

2. Jailers have Unconstitutionally taken me [Hostage] as a _
"Political Prisoner", (For 3 years) via [Weaponization] of [Solitary Confinement]
I'm being unconstitutionally detained & Tortured identical to the
victims/Hostages Terror Group Hamas Has Taken. Russian Leader
vladamir Putin is also charged/Accused of Hostage Taking in
the same manner (Weaponization Of Solitary Confinement).

3. As a Hostage Jailers are Committing repetitive [mail fraud.]
All mailed correspondences/Filings between self and Appointed
Counsel have been "Stolen or Strategically Delayed". I am left in
the Blind and cannot participate in the litigation with counsels
effectively. I am either to late to give counsel input, or
the deadline matters would be expressly due.

4. Counsel was notified that Jailers are "maliciously Torturing
me as a Hostage": I'm being denied Food, Medical, M/H Care,
and Other forms of Dignity & Decency. I'm currently housed
on a Unit with illegal [surveillance] in the cell.   1) Hidden

, of 6

1) Hidden Cameras are in the lights ;   2) Minute/Pinpoint perferations in the walls to pick up Sound ; and   3) Hidden microphone [s] in the Floor [s] (Trained to a Low volume) This Device is expressly Considered a weapon, and being used to Stimulate Deterioration via *Audio Torture. (Some 16 prisoners were murdered in solitary Confinement at SCI Cresson. DOC Regional District Secretary "Houser" was Criminally Charged with (4) Counts of Homicide. However a Civil Agreement stopped the Charges. Had Detectives been aware of the Audio Torture Devices they surely would have Convicted Houser and others Charged. As a Hostage I too was in Houser's Custody. While taunting me one day in Solitary He admitted to killing them all ; in a condescending manner ; and Laughed ; because he knew he was doing the same to me, while I was Vulnerable and unaware of the Torture Devices or the fact that the Atypical Solitary Conditions were intentional and Strategically applied. Pointedly the DOC Jailers intentionally induced the (16) Homicides as Terrorist and I am exposed to the same. ▮ "I intend to Tell Congress, FBI and Grassroots". Manifestly Government Has a Back Channel that is Devoted to Actual Terrorist. *Jailers are pumping Gas into the Cells through the hidden Holes. (Type and Effects are unknown).

5. On Wednesday March 13th 2024, Jailers/Officers herded me to an Isolated Cell. During the commotion they Staged, *"I was stabbed in the back" with a [Hypodermic Needle] in a Clandestine manner. (I competently aver I'm in possession of a Microchip ; However illegally injected into my Body) (Other prisoners were stabbed as well, and Complaining the same abuse (illegal microchip injection)).

6. Counsel was notified of "Death Threats", Abuse & Interference. Counsel Carla G. Graff instructed me to "keep my head down, and Don't write any grievances"

Counsel [S] were aware that I was in danger also that the case / Litigation was being impeded and effected also by the Mail Fraud.   Record would Support Counsel Filed multiple Requests for "Extension of Time" with this Honorable Court.   The Government interferences were the reason For the Extension Request. However Counsel Refused to protect the Case or myself.

**B.**   Counsel [alleged] they [Contacted] the [Jailers] at the Facility multiple times.   However the Theft and [mail Fraud] Continued.   I   asked and requested Counsel to Notify this Honorable Court "In Writing" via a Filing.   Counsel Refused to Notify the Court

8. I notified Counsel that I [Developed] that a group of Government officials have Criminally Conspired [Traversing] Jurisdictions (To the instant one) to impose Government Retaliations in violation of 18 USCS § 2332b. "Acts Of Terrorism Transcending National Bounderies". Pointedly [All] Persons involved are *[Terrorist] - I notified Counsel that I **may be Assassinated by my Jailers** via Chain Command of Government Officials (Who are high in rank)   The instant case is poised to comprimise / expose   Magistrate Judge Keith A. Pesto PA Governor Josh Shapiro who was the Attorney General before being Elected as Governor of PA; Other High Ranking officials are Conspirators as well

Philadelphia District Attorney's Seth Williams, Christine Wechsler, Lawrence (Larry) Krassner, Judges Jeffrey P. Minehart, Anne Lazarus, Megan King, Gene Strassburger, are exclusively implicated in the matter. Chiefly the matter began in the Criminal Court[s] : However the Hostage circumstance [has] comprimised the instant Civil Case. _* My Civil Rights are being Usurped [here] to [Diminish] my pursuit of the Criminal matter. Respectfully this Honorable Court must not avoid or restrain Protections of Person and/or Case ; because [Both]* Cases are being targeted and sabotaged by DOC Jailers. The evidence supports the Criminal Court[s] this Civil Court[s] (District) and (AG's Office) the DOC Jailers even the IRS have stationed officials who have weaponized their Jurisdictional Powers. "Evidence" "Supports" they have Traversed Jurisdictions in Collusion to impose Government Retaliations as in a Group / Gang. They are likely "Masonic Persons". However that is for FBI and other Criminal Investigators to decipher. Pointedly they are exposed by the evidence ; which establishes each person/ official by name to tort.


9. I notified counsel repeatedly that the [time] [Stamp] of the video Footage Defendants submitted in the instant case is [Inconsistent] : And such creates a Sanction circumstance that controls [Both] the [Remand] and [Verdict] upon that Remand . as a matter of law. Defendants cannot even claim Immunity; where Scandal Creates a Forfeit ; entering Sanctions in kind in accordance with [Spoliation] [Doctrines]. Counsel [intentionally] *[underdeveloped] the [Claim] to sabotage the appeal. Clearly this claim [guaranteed] the Remand and monetary Relief associated with the case. Clearly the verdict rest on "Basic Math" and not

interpretation of arguments

10. Counsels were accused of Sobotage; and Aiding & Abetting Defendants.

11. Counsel stated they filed for an extension of time to submitt/File the related Response Brief. As Being Fired I do not know if Counsel Did so.

12. I was forced to File the instant Brief Under Duress as a Hostage; who lives in fear daily of [Assassination]. The circumstances expressed above have instilled "Terror" in me; and has caused severe deterioration. Causing delay in Response.

13. Appellant is submitting the [Response Brief] Related to this instant [Declaration] "Nunc Pro Tunc"

Wherefore, for the Above Stated Reasons Counsel was competently accused as Sabatier's and ineffective; Causing the related June 7th 2024 Response to be filed "Nunc Pro Tunc". Praying Consideration and excuse in accordance with Fed R. Civ. P. 6; and Fed R Civ. P. 60(b). Respectfully Appellant Mr. Carter prays This Honorable Court refrain from admonishing his Averments. Hostages, micro chip Injections, Illegal Surveillance, Torture Devices Murder of American Prisoners by its own government Officals Corrupt Courts, Traversion, and Racism; sadly its all True Supported and exposed. Im Trying to Contact the [FBI] to Obtain a Quiet Relief in all matters including the Photoshop/Tampering in this instant Civil Case which was Committed by The now Governor Josh Shapiro and DOC Exec's. I just want Quiet Relief. (Rights & Freedom)

Respectfully Submitted /s/ S Ca

Solomon Carter KF-1334
SCI Forest
P.O. BOX- 945
286 Woodland DR.
Marienville PA 16239

Date: __6__ / __7__ / __24__  5 of 6

In The United States Court Of Appeals
For The Third Circuit

Solomon Carter
        Appellant                      22-1643

    V.                                 Declaration

John Wetzel et. al.
        Appellee

### Declaration

### Certification / Verification

I Solomon Carter (Pro-Se) Appellant hereby aver that the instant "Declaration" is being [Filed] "Nunc Pro Tune", and that it is True, Correct and Served upon the persons below in accordance with Fed. R. Civ. P. 5 and Subject to 28 U.S.C § 1746.

Office of the Clerk
United States Court Of Appeals
21400 U.S. Courthouse
601 market street
Phila, Pa. 19106

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, Pa. 15222

Respectfully Submitted /S
                Solomon Carter KF-1334
                S.C.I. Forest
                P.O. BOX - 945
                286 Woodland Drive
                Marienville, PA. 16239

Date: 6 / 7 / 24

6 of 6

ATTN: Exhibit (A)    March 16, 2022 *Memorandum and Order* at pg 4 Hon-Haines

officials; and any efforts made to temper the severity of a forceful response. *Id.; see also Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Hudson*, 503 U.S. at 7.

Here, Judge Pesto addressed the relevant factors in the report and reasonably concluded that no rational juror could find in favor of Plaintiff on his excessive force claim. The record evidence, including the video recording of the incident, fully supports Judge Pesto's conclusion. It is well-settled that where the events at issue have been captured on video, the court must consider that evidence in determining whether a genuine dispute of material fact remains for trial, and the court must view the facts in the light depicted by the video. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (relying on a video recording in assessing summary judgment evidence and admonishing that the lower court "should have viewed the facts in the light depicted by the videotape").

In this case, the video recording, which lasts approximately 3 minutes and 16 seconds and captures the incident in its entirety, shows that the events at issue occurred in an open area with a number of other inmates around, with one officer sitting at a desk. Polito first can be seen walking down a staircase and he almost immediately is confronted by Plaintiff. There is no sound, but the two can be seen engaged in conversation. At one point Plaintiff appears to gesture at Polito. Plaintiff then walks to the desk where the other officer is sitting. Plaintiff subsequently kneels down on one knee with both arms resting on his knee in front of him. Polito starts to walk behind Plaintiff, apparently to cuff him. He then moves back in front of Plaintiff. As three other officers arrive on the scene, Polito sprays the OC in Plaintiff's face in a short two-three second burst from time stamp 6:53:29 to 6:53:32. Plaintiff then stands, goes back to one knee, then into a prone position on the floor, where he is cuffed and led away to the infirmary.

4

6/28/23 Exhibit 1

## November 17, 2016 Video Surveillance from Camera

25. Footage was captured on one video: DIVAR, D-Unit A-Pod. See Exhibit A.

26. An External Investigation was conducted by Intelligence Captain Kenneth Shea as a result of the allegations made by Plaintiff in his grievance. See Exhibit B.

27. The investigation involved interviewing Plaintiff as well as interviewing two staff members and obtaining written statements from each of them. See Id.

28. The investigation also included review of the video: DIVAR of D-Unit A-Pod. See Id. and Exhibit A.

29. The video begins by showing Defendant descend a stairwell. See Exhibits A and B.

30. Plaintiff then approaches Defendant and engages him in conversation. See Id.

31. At roughly 6:51:38 of the video, Defendant can be seen motioning to Plaintiff, towards the dayroom or upper level. See. Id.

32. Plaintiff can then be seen moving toward the Officer's station with Defendant not far away. See Id.

33. At roughly 6:52:23, Defendant can be seen, again, directing Plaintiff elsewhere; Plaintiff remains in place. See Id.

34. At roughly 6:52:32, Defendant can be seen un-holstering his OC Spray canister and utilize his radio. See Id.

35. Plaintiff then takes a few steps away from the Officer's station and begins to kneel down with his hands in front of his body. See Exhibits A and B.

36. At roughly 6:53:25, additional Officers arrive on the scene. See Id.

37. Shortly thereafter, Defendant deploys the OC Spray upon Plaintiff. See Id.

ATTN Exhibit-C ( see pg 2 In Re.)
Defendant Polito's Report.          pg 1 of 2 → see back

| DC-121 Part 3<br>Revised 8/2012<br>Attachment C 6.3.1, Section 17 | Pennsylvania Department of Corrections<br>Employee Report of Incident | | ☒ Use of Force Occurrence | |
|---|---|---|---|---|
| To: Cpt. Baker | Title: Shift Commander | | Date:<br>17 Nov. 2016 | Time:<br>18:46 |
| From (Name Printed): D Polito | Title: A /CO II | | Location of Incident<br>DA Dayroom | |
| Employee Signature: | | Type of Incident: Unplanned use of force | | |

| Inmates Involved<br>(Name and Number) | Staff Involved<br>(Name and Title) | | Witnesses |
|---|---|---|---|
| Carter, Solomon (KF1334) | COT Stivison | COT Rooney T2 | |
| | Sgt. Archer | RN Simington | |
| | CO Zameroski | | |
| | CO Hinson | | |
| | CO McCullough | | |

**1. Detailed description of the occurrence:**

On the above date and time after completing a security round on DA block Inmate Carter (KF1334) approached me from the dayroom in an aggressive manner questioning me about why I stood in front of his cell during my security round. I said that there was no concern and that I was just doing my round. He continued to question me about why I was in front of his cell door. I told him that he should return to blockout and there was nothing to worry about. He then became argumentative and demanded a grievance form. At that time COT Stivinson attempted to find a grievance which he couldn't find one at the moment. I then told inmate Carter that there will be plenty of time to get a grievance and that he should go to blockout and I can get one later. Inmate Carter then approached me in an aggressive manner and started shouting demands for a "white shirt". I then stated that he was being too aggressive and ordered him to return to his cell. Inmate Carter refused to obey the order. Several other direct orders were given to the inmate to return to his cell which the inmate refused to comply. I then notified control that I had an inmate that refused to lock up. Several orders were given for the inmate to cuff up which the inmate refused. I then notified control that the inmate was refusing to cuff up. As I approached the inmate with the OC ready the inmate went to his knees still refusing to be restrained. The inmate then said in a demanding tone that "you are not going to spray me". I then said "just put your hands behind your back to be cuffed". The inmate refused to comply with all orders given and showed no signs of being compliant. I then issued a 2 to 4 second burst of OC to the facial area of inmate Carter which caused the inmate to lay in the prone position and complied with responding staff. The inmate was restrained and escorted from D Unit by Sgt. Archer and Officer McCollough with no further incident.

ATTN: Exhibit - D (see pg 2 In Re)

CO III Miles Report

pg 1 of 2 → see Back

| DC-121 Part 3<br>Revised 6/06<br>Attachment C 6.3.1, Section 17 | Pennsylvania Department of Corrections<br>Employee Report of Incident | | X Use of Force Occurrence | |
|---|---|---|---|---|
| To:<br>Capt. Baker | Title:<br>2-10 Shift Commander | | Date:<br>11/17 | Time:<br>1850 |
| From (Name Printed):<br>Adam Miles | Title:<br>CO3 | | Location of Incident:<br>DA Dayroom | |
| Employee Signature: | | Type of Incident:<br>Unplanned Use of Force/ OC Exposure | | |

| Inmates Involved<br>(Name and Number) | Staff Involved<br>(Name and Title | Witnesses |
|---|---|---|
| Carter, Solomon  KF1334 | A/Sgt. Polito      Sgt. Evans | |
| | CO1 McCullough CO1 Zameroski | |
| | CO1 Hinson      COT Stivison | |
| | COT Rooney      RN Simington | |
| | Sgt. Archer  CO1 Harker  CO1 Sherry | |

**1. Detailed description of the occurrence:**

On the above date and time I responded to a radio report of an Inmate refusing to lock up on DA unit. When I arrived outside of DA unit, Inmate Carter had already been restrained, and was being escorted off of the housing unit by Sgt Archer, and CO1 McCullough. CO1 Zameroski then relieved Sgt Archer on the escort. OC had been administered on the housing unit by A/Sgt. Polito. I then supervised the escort of Inmate Carter from the South walk to the RHU. Sgt. Archer, and Sgt. Evans, followed the escort, until being directed to return to their posts. COT Rooney was in possession of Inmate Carter's personal effects and followed the escort to the R&D exit and was directed to return to his post. CO1 Hinson followed the escort into the RHU. Once the escort arrived at the RHU, Inmate Carter was turned over to RHU officers CO1 Harker, and CO1 Sherry and placed into the RHU strip room where he was decontaminated by RN Simington.

ATTN Exhibit - E (see pg 2 in RE)

COIV Baker Report                                          pg 1 of 2 → see Back

| DC-121 Part 3<br>Revised 8/2012<br>Attachment C 6.3.1, Section 17 | Pennsylvania Department of Corrections<br>Employee Report of Incident | XUse of Force Occurrence |
|---|---|---|

| To: K. Hollibaugh | Title: DSFM | Date<br>11/17/2016 | Time: 1850 hrs. |
|---|---|---|---|
| From (Name Printed): M. Baker | Title: CO IV | Location of Incident: DA unit<br>dayroom | |
| Employee Signature: | Type of Incident: Unplanned use of force/OC<br>deployed | | |

| Inmates Involved<br>(Name and Number) | Staff Involved<br>(Name and Title) | Witnesses |
|---|---|---|
| KF1334 Carter, Solomon | CO II D. Polito-COT W. Stivison | |
| | CO II S. Evans COTB. Rooney | |
| | SOII S. Archer CO I B. Hinson | |
| | COI J. McCulloughCOI Harker | |
| | RN. R. Simington COI T. Sherry | |

1. **Detailed description of the occurrence:** A/Sgt. Polito had just completed a guard tour on DA unit, when inmate Carter KF1334 approached him and questioned as to why A/Sgt. Polito had been in front of his cell DA-2034. Polito told the inmate that he was just doing a round. Carter continued to question Polito, and Polito told him to return to unit out, there was nothing to worry about. The inmate became argumentative and demanded a grievance. COT Stivison was the assigned unit officer, and could not locate a grievance form, and A/Sgt. Polito told the inmate he would get him one later. Carter approached Polito in an "aggressive manner", demanding a white shirt. A/Sgt. Polito told Carter that he was being "too aggressive" and ordered him to return to his cell. Carter refused the order, and Polito continued to give Carter orders to return to his cell, and the inmate refused all orders. A/Sgt. Polito then notified Control via radio the he had an inmate refusing to lock up on DA Unit. A/Sgt. Polito gave Carter multiple orders to "cuff up", and Carter refused. Polito then reported to Control that the inmate was refusing to be restrained. A/Sgt. Polito un-holstered his OC, and approached the inmate. Carter knelt on his right knee at that point, still refusing to be restrained. Carter stated "you are not going to spray me" and Polito ordered him to put his hands behind his back to be cuffed, Carter refused. As responding staff arrived, A/Sgt. Polito administered a 2-4 second burst of OC to the inmate's facial area. Carter lay prone on the floor, and was restrained by Sgt. Archer and COI McCullough. McCullough and Archer assisted the inmate to his feet, and escorted him to the unit vestibule where he was placed against a wall and pat searched by the officers. Carter was then escorted from the unit. CO I Zameroski relieved Sgt. Archer on the escort. The escort was accompanied by CO I Hinson, CO II Evans and COT Rooney. Lt. Miles assumed supervision of the escort on the walk, and completed the escort to the DTU. Escorting staff turned the inmate over to RHU Staff (Sherry and Harker) who escorted the inmate through the decontamination process. RN Simington assessed, decontaminated and photographed the inmate in the DTU triage room. Simington noted no acute physical distress, "some emotional liability" no suicidal ideation, no physical injuries. Carter was issued misconduct #005071 for refusing to obey an order, and placed on PHC status in the DTU.

Solomon Carter KF-1334
S.C.I. Forest
P.O. Box 945
2870 Woodland Drive
Marienville, PA. 16239



RECEIVED
JUN 14 2024
U.S.C.A. 3rd. CIR

Office of The Clerk
United States Court of Appeals
21400 U.S. Court House
601 Market Street
Philadelphia, PA. 19106

U.S.M.C.
X-RAY

FIRST-CLASS MAIL

neopost
02/12/2024
US POSTAGE $003.07⁹

ZIP 16339
041U12205275

RECEIVED
JUN 14 2024
U.S.C.A. 3rd. CIR

Office of The Clerk
United States Court of Appeals
21400 U.S. Court House
601 Market Street
Philadelphia, PA. 19106

KF-1334

Drive
PA. 16239